JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Katherine Mellot, Individually, and on behalf of a class of persons similarly situated

**DEFENDANTS**
PPL Corporation

**(b)** County of Residence of First Listed Plaintiff    Franklin County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Lehigh County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sheller, P.C.
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227
Brief description of cause:
Unsolicited telephone calls to individuals on do-not-call list

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE    3-21-2013

SIGNATURE OF ATTORNEY OF RECORD    *Claudine Honolco*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE MELLOTT, Individually, and on behalf of a class of persons similarly situated, | **Civil Action** |
| Plaintiff, | No. _____ |
| v. | |
| PPL CORPORATION, | **CLASS ACTION** |
| Defendant. | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES

Plaintiff, Katherine Mellott (hereinafter "Plaintiff" or "Mellott"), by and through her undersigned counsel, brings this class action complaint against Defendant, PPL Corporation (hereinafter "PPL" or "Defendant"), to stop Defendant's practice of making unsolicited telephone calls to individuals that are registered on a "do-not-call" list and to obtain redress for all persons injured by their conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her counsel:

### I.       PRELIMINARY STATEMENT

1.       In a recent effort to promote the sale of its electricity and electricity services, PPL engage in a practice of placing unauthorized telemarketing calls to the telephones of potential customers throughout the nation.

2.       In doing so, PPL failed to create or enforce procedures to verify whether it was violating the Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227) (hereinafter "TCPA"), by placing two or more unsolicited

telephone calls to individuals on a do-not-call list within a twelve month period, and thereby placed multiple unsolicited telephone calls to individuals that were on such lists.

3.    By making these unauthorized telephone calls to individuals on do-not-call lists, Defendant has caused consumers actual harm, not only because consumers were subjected to an invasion of their privacy, but also by subjecting consumers to prohibited abusive or deceptive telemarketing acts and practices.

4.    In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the TCPA, which prohibits, among other things, unsolicited telephone calls to telephone subscribers registered on a do-not-call list.

5.    On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease initiating telephone solicitations to telephone subscribers registered on a do-not-call list and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## II.    PARTIES

6.    Plaintiff,  Mellott is an adult individual who resides at 2382 Apple Way St., Thomas, Pennsylvania 17252, Franklin County, Pennsylvania.  At all times mentioned herein, Plaintiff was an individual citizen and resident of the State of Pennsylvania.

7.    Defendant, PPL is a Pennsylvania Corporation with its principal place of business in Allentown, Pennsylvania with an office address located at 2 N. 9th Street, Allentown, Pennsylvania, and regularly and consistently conducts business within the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania.

8.    At all relevant times herein, Defendant was a "person" as defined by 47 U.S.C. § 153(32).

### III.    JURISIDCTION AND VENUE

9.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10.    This Court has personal jurisdiction over PPL as it is authorized to conduct business, and conducts business, as a Pennsylvania corporation.  Further, PPL lists its principal place of business as located in Allentown, Pennsylvania.

11.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendants reside, transact business, are found, or have agents in this District.  Further, a substantial part of the events or occurrences giving rise to the claims alleged occurred in this District.

### IV.    FACTUAL ALLEGATIONS

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5), 105 Stat. 2394, 2394 (1991) (codified at 47 U.S.C. § 227).

13.    The TCPA prohibits persons or entities from initiating calls for telemarketing purposes to residential telephone subscribers "unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d).

14.    The TCPA provides any "person that has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection" with a private right of action to enjoin such violations and/or recover actual or statutory damages, whichever is greater, resulting from such violations. 47 U.S.C. § 227(c)(5).

15.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, cellular telephones are subject to the same protections as residential lines. *See, e.g., In re Rules & Regulations Implementing the Telephone Consumer Protection Act*, 18 FCC Rcd. 14014 (July 3, 2003).

16.    The law contains a safe harbor provision that exempts from liability a person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) who has obtained the subscriber's prior express invitation or permission to make the call.  47 C.F.R. § 64.1200(c)(2)(ii).  However, Plaintiff has never provided defendant with any form of consent, invitation, or permission to be contacted by PPL, and Plaintiff has never had any business relationship with PPL.

17.    Further, the Pennsylvania Telemarketer Registration Act, 73 P.S. §§ 2241-2249, prohibits persons or entities from "initiat[ing] or caus[ing] to be initiated a telephone solicitation call to a residential telephone number of a residential telephone subscriber who does not wish to receive telephone solicitation calls and has caused [her] name, address and telephone number to be enrolled on a do-not-call list maintained the list administrator." 73 P.S. § 2245.2(a).

18.    "A violation of the Pennsylvania Telemarketer Registration Act is also a violation of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer Protection Law." 73 P.S. § 2246(a).

19.     On February 6, 2013 at 12:14 p.m. ET, Plaintiff received a telephone call to her residential telephone line from a person indicating to be a representative of PPL Corporation.

20.     The purpose of the call was for the PPL representative to persuade persons to buy their kilowatt electric rather than kilowatt electric from West Penn Power a/k/a FirstEnergy Corp. Plaintiff indicated that she was on the Pennsylvania Do-Not-Call List and that she did not wish to receive telephone calls from PPL Corporation.

21.     Later that same day at 12:58 p.m. ET, Plaintiff received a second telephone call to her residential telephone line from a different person indicating to be a representative of PPL Corporation, but for the same purpose of soliciting individuals to purchase kilowatt electric from PPL rather than FirstEnergy Corp.

22.     Infuriated, Plaintiff demanded to know why PPL continued to contact her when she was listed on the Pennsylvania Do-Not-Call List.

23.     The PPL representative stated that PPL does not care what "telephone list" Plaintiff is on as such lists do not pertain to their company and that PPL can attempt to sell whatever it wants to.

24.     Plaintiff alleges that PPL has engaged in a pattern of placing similar calls to persons or entities in an effort to solicit the sale of kilowatt electric without instituted procedures for maintaining a list of persons who request not to receive such telemarketing calls.

25.     Plaintiff and the class have been damaged by Defendant's calls.  Their privacy was improperly invaded, they were annoyed, and Class members with cellular phones were charged for the calls.

## V.    CLASS ACTION ALLEGATIONS

26.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if the same were set forth herein.

27.     Plaintiff brings this class action pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure on behalf of the following classes:

Nationwide Class
All persons who, within the applicable statutes of limitations, received more than one telephone within any 12-month period during a time when the Defendant did not nstitute procedures meeting the required minimum standards of 47 U.S.C. § 64.1200(d)(1)-(7) for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendant.

Pennsylvania Class
All persons who, within the applicable statutes of limitations, received a telephone solicitation call from Defendant to a residential telephone number who did not wish to receive such telephone solicitation calls and who had caused his or her name, address and telephone number to be enrolled on a do-not-call list maintained by the designated "list administrator" pursuant to 73 P.S. § 2245.2(a).

28.     Except as specifically provided herein, the members of the Nationwide Class and the Pennsylvania Class may be collectively referred to as "the Class."

29.     The above-cited class definitions excludes the Defendant, its legal representatives, assigns, successors, employees, and any entity in which a Defendant has a controlling interest. Also excluded from the class definitions is the Judge to whom this case is assigned as well as the Judge's immediate family.  Plaintiff reserves the right to amend the above-stated class definitions based upon facts learned in discovery.

30.     Plaintiff alleges on information and belief, that the class is so numerous that joinder of all members of the class is impractical.  Plaintiff also alleges on information and belief, that the proposed classes as defined herein each separately consist of thousands of individuals.

31.     There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual class members.  The common factual and/or legal issues common to each class member are as follows:

      a.     Whether Defendant's conduct is governed by the TCPA;

      b.     Whether Defendant's conduct is governed by the Pennsylvania Telemarketer Registration Act;

      c.     Whether the unsolicited telephone calls made by Defendant violated the TCPA;

      d.     Whether the unsolicited telephone calls made by Defendant violated the Pennsylvania Telemarketer Registration Act;

      e.     Whether the unsolicited telephone calls made by Defendant violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law;

      f.     Whether the class members as defined herein are entitled to treble damages based upon the willfulness of Defendant's conduct; and

      g.     Whether Defendant should be enjoined from engaging in such conduct in the future.

32.     Plaintiff's claims are typical of those of the other class members.  All claims are based on the same facts and legal theories.

33.     Plaintiff will fairly and adequately protect the interests of the class.  She has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions.  Plaintiff and her counsel have no interests which might cause them not to vigorously pursue this action.

34.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the Class, thereby making appropriate relief with respect to the Class as a whole.

35.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

      a.     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

      b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36.     Plaintiff requests certification of a hybrid class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for injunctive relief and pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for monetary damages.

## VI.    CAUSES OF ACTION

### COUNT I

### INJUNCTIVE RELIEF
### (On Behalf of the Nationwide Class)

37.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if the same were set forth herein.

38.     The TCPA permits Plaintiff and the Nationwide Class to obtain injunctive relief.

39.     Thus, Plaintiff and the Nationwide Class request that the Court enjoin PPL from further violating the TCPA by placing more than one call to any individual within 12-month without having instituted minimum standards pursuant to 47 C.F.R. § 64.1200(d)(1)-(7) for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of such person or entity.

40.     For this reason, Plaintiff and the Nationwide Class are entitled to an Order prohibiting and enjoining Defendant, or its agents or independent contractors, from violating the TCPA as complained of herein.

## COUNT II

### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### (On Behalf of the Nationwide Class)

41.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if the same were set forth herein.

42.     Defendant violated the TCPA by placing more than one call to Plaintiff and each of the Nationwide Class members within 12-month without having instituted the required minimum standards pursuant to 47 C.F.R. § 64.1200(d)(1)-(7) for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of such person or entity.

43.     Defendant did not have permission to make the unsolicited telephone calls complained of herein.  Further, had Defendant instituted the required minimum standards pursuant to 47 C.F.R. § 64.1200(d)(1)-(7), Plaintiff and the Nationwide Class members would not have received the unsolicited telephone calls complained of herein.

44.     As a result of Defendant's conduct, Plaintiff and the Nationwide Class are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act and injunctive relief to prevent further violations.

## COUNT III

### KNOWING OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
#### (On Behalf of the Nationwide Class)

45.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if the same were set forth herein.

46.     Defendant's violations were committed willfully and/or knowingly inasmuch as Defendant indicated to Plaintiff that PPL "doesn't care what list [Plaintiff] was on" and that "such lists do not pertain to them." *See supra* ¶ 20; *see also* 47 U.S.C. § 312(f)(1).

47.     Inasmuch as Defendant's actions were committed willfully and/or knowingly, the Court should treble the amount of statutory damages recoverable by the Plaintiff and the Nationwide Class, pursuant to 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

### VIOLATION OF THE
### UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
#### (On Behalf of the Pennsylvania Class)

48.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as if the same were set forth herein.

49.     By initiating or causing to be initiated telephone solicitation calls to residential telephone numbers of residential telephone subscribers on the Pennsylvania Do-Not-Call List, Defendant has violated the Pennsylvania Telemarketer Registration Act, 73 P.S. §§ 2241-2249. *See* 73 P.S. § 2245.2.

50.     A violation of the Pennsylvania Telemarketer Registration Act is also a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1-201-9.3. *See* 73 P.S. § 2246.

51.    As a result of Defendant's conduct, Plaintiff and the Pennsylvania Class have sustained damages in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

52.    Further, and in addition to the damages above, Plaintiff seeks punitive and/or treble damages against Defendant in an amount to be determined upon the trial of this matter inasmuch as Defendant's conduct, as described above, was extreme, outrageous, oppressive, fraudulent, malicious, and/or the product of gross negligence.

53.    In addition to the independent obligations placed upon Defendant to ensure that it was not initiating or causing to be initiated telephone solicitation calls to residential telephone subscribers on the Pennsylvania Do-Not-Call List, Plaintiff expressly notified Defendant that she was on the Pennsylvania Do-Not-Call List, to which Defendant's representative simply replied that "such lists do not pertain to their company and that PPL can attempt to sell whatever it wants to." *See supra*, ¶ 20.

54.    At all relevant times herein, Defendant knew or should have known that Plaintiff was on the Pennsylvania Do-Not-Call List, and/or should have had procedures in place to ensure that no telephone solicitation calls were placed to residential telephone subscribers on the Pennsylvania Do-Not-Call List.  Defendant either intentionally ignored such obligations or recklessly disregarded the same.

55.    As a direct and proximate result of Defendant's conscious and deliberate disregard for the rights of consumers such as Plaintiff, Plaintiff and the Pennsylvania Class have been damaged as described above, and such damages should be trebled against Defendant in an amount to be determined upon the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Katherine Mellott, on behalf of herself and the Class, prays for

the following relief:

A.       An Order certifying the Nationwide Class and the Pennsylvania Class as defined

above;

B.       An award of actual and statutory damages;

C.       An award of punitive or exemplary damages;

D.       An injunction prohibiting Defendant, or its agents and/or independent contractors,

from further violating the TCPA;

E.       An award of reasonable attorneys' fees and costs; and

F.       Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated:  March 21, 2013

Respectfully submitted,

SHELLER, P.C.

     /s/ Claudine Q. Homolash
Claudine Q. Homolash  (ID No.  84494)
1528 Walnut St., 4th Fl.
Philadelphia, PA 19102
P (215) 790-7300
F (215) 546-0942
chomolash@sheller.com

*Local Counsel*

Kenneth G. Gilman (*pro hac vice* anticipated)
kgilman@gilmanpastor.com
Thomas E. N. Shea (*pro hac vice* anticipated)
tshea@gilmanpastor.com
**GILMAN LAW LLP**
Beachway Professional Center Tower
3301 Bonita Beach Road, Suite 307
Bonita Springs, FL  34134
Telephone:  (239) 221-8301
Facsimile:  (239) 676-8224

*Attorneys for Plaintiff and Proposed Class*